Jennifer N. Lutz, Esq., SBN 190460
Christine Y. Clark, Esq., SBN 297496
Michelle Perez-Yanez, Esq., SBN 330305
Kristin A. Kameen, Esq., SBN 292574
Kendall N. Gerald, Esq., SBN 351773
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
11622 El Camino Real, Suite 300
San Diego, California 92130
Telephone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: jlutz@pettitkohn.com
　　　　cyclark@pettitkohn.com
　　　　mperezyanez@pettitkohn.com
　　　　kkameen@pettitkohn.com
　　　　kgerald@pettitkohn.com

Attorneys for Defendants
**WALMART INC. (formerly known as "WALMART STORES, INC."), WAL-MART ASSOCIATES, INC., and IRMA BECERRA**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| LISA PALMER, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware corporation; WALMART STORES, INC., a Delaware corporation; WAL-MART ASSOCIATES, INC., a Delaware Corporation; IRMA BECERRA, an individual; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(a) AND (b)**<br><br>Courtroom:<br>District Judge:<br>Magistrate Judge:<br>Complaint Filed: October 9, 2024<br>Trial Date: Not Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants WALMART INC. (formerly known as "WALMART STORES, INC."), WAL-MART ASSOCIATES, INC. (collectively with WALMART INC., "Walmart"), and IRMA BECERRA ("Ms. Becerra") (collectively with Walmart, "Defendants"), by and through their counsel, hereby remove the above-entitled action filed by Plaintiff LISA PALMER

1  ("Plaintiff") in the Superior Court of the State of California, County of San
2  Bernardino, Case No. CIVRS2401265 to the United States District Court, Central
3  District pursuant to 28 U.S.C. §§ 1332, 1441, and respectfully alleges as follows:

**I.   DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332 (A)**

5       1.   This Court has original jurisdiction over this matter under 28 U.S.C. §
6  1332 (a) (1) and 1441, because there is complete diversity as the parties are citizens
7  of different states, and the amount in controversy exceeds $75,000.00, exclusive of
8  interest and costs.  Removal is therefore proper pursuant to 28 U.S.C. §§ 1441 (a)
9  and (b).

10      2.   This Court has jurisdiction over this action because complete diversity
11 exists between Plaintiff, Walmart, and Ms. Becerra.

12      3.   Plaintiff is a citizen of the State of California and was a citizen at the
13 time of the filing of her Complaint. A true and correct copy of the Summons and
14 Complaint are collectively attached hereto as Exhibit A to the Declaration of
15 Michelle Perez-Yanez ("Perez-Yanez Decl.") filed concurrently herewith. Perez-
16 Yanez Decl., ¶¶ 3-4, Exh. A.

17      4.   WALMART INC., is now, and was at the time this action was
18 commenced, citizen of the State of Delaware and citizen of the State of Arkansas
19 within the meaning of 28 U.S.C. section 1332. At all material times, WALMART
20 INC. was a corporation organized under the laws of the State of Delaware, and at
21 all material times it has maintained its principal place of business, including its
22 corporate headquarters, in the State of Arkansas. Perez-Yanez Decl., ¶¶ 15-16, Exh.
23 F.

24      5.   WAL-MART ASSOCIATES, INC., is now, and was at the time this
25 action was commenced, citizen of the State of Delaware and citizen of the State of
26 Arkansas within the meaning of 28 U.S.C. section 1332. At all material times,
27 WAL-MART ASSOCIATES, INC. was a corporation organized under the laws of
28 the State of Delaware, and at all material times it has maintained its principal place

2354-3746

1  of business, including its corporate headquarters, in the State of Arkansas. Perez-
2  Yanez Decl., ¶¶ 15-16, Exh. G.
3       6.   The Complaint erroneously identifies Ms. Becerra as a citizen of the
4  State of California. Perez-Yanez Decl., ¶ 2, Exh. A ¶ 9. Ms. Becerra, however, is
5  now, and was at the time this action was commenced, a citizen and resident of the
6  State of Texas within the meaning of 28 U.S.C. section 1332.  At the
7  commencement of this action and as of the date of this Notice of Removal, Ms.
8  Becerra has been employed within the state of Texas.
9       7.   Plaintiff's Complaint contemplates a matter in controversy that
10 exceeds the sum or value of $75,000, exclusive of interest and costs.

**II.   TIMELINESS OF REMOVAL**

12      8.   Removal is timely under 28 U.S.C. section 1446 (b) because this
13 Notice of Removal is filed within 30 days upon which diversity of citizenship was
14 apparent.
15      9.   Walmart was served with a copy of the Complaint filed in the State
16 Action and a summons from the State Court on March 29, 2024.  Perez-Yanez
17 Decl. at ¶ 6, Exh. B.
18      10.  On December 18, 2024, Walmart filed and served its Answer to
19 Plaintiff's Complaint in the Superior Court of San Bernardino. Perez-Yanez Decl.,
20 ¶ 7, Exh. C.
21      11.  Based on a review of the State Court file as of December 18, 2024—
22 Ms. Becerra had not yet been served in the State Action and was identified as a
23 resident of the State of California thereby barring removal. Perez-Yanez Decl., ¶8.
24 *See Torres v. Slalom, Inc.* 2024 U.S. Dist. LEXIS 198373 (C.D. Cal. October 30,
25 2024*)* (rejecting snap removal; finding removal was improper because Defense
26 counsel likely knew the party not yet served was an in-forum Defendant); *See also*
27 *Mass. Mut. Life Ins. Co. v. Mozilo,* No. 2:12-cv-03613-MRP, 2012 U.S. Dist.
28 LEXIS 91478, (C.D. Cal. June 28, 2012*);* (rejecting snap removal as it "would

2354-3746

eviscerate the purpose of the forum defendant rule' by allowing "removability to turn on the timing of service rather than the diversity of the parties.)

12. On December 18, 2024, defense counsel was retained to serve as Ms. Becerra's counsel and agreed to accept service on behalf of individual defendant, Ms. Becerra. Perez-Yanez Decl., ¶¶9-10. Upon retention, defense counsel learned the Complaint erroneously identified Ms. Becerra as a resident of California. Perez-Yanez Decl., ¶9. Ms. Becerra is now, and was at the time this action was commenced, a citizen of the State of Texas. *Id*. at ¶11.

13. On January 16, 2025, Ms. Becerra filed and served her Answer to Plaintiff's Complaint in the Superior Court of San Bernardino. *Id*. at ¶12; Exh. D

14. Based on a review of the State Court file as of January 17, 2025, no other defendants have been served with any summons or complaint in the State Action. *Id*. at ¶ 13.

15. Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of when defense counsel agreed to accept service on Ms. Becerra's behalf.

### III. REMOVAL BASED ON DIVERSITY JURISDICTION

15. The Complaint and all causes of action alleged therein may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

#### A. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND DEFENDANT

16. Plaintiff is now, and at the time this action commenced, a citizen of the State of California within the meaning of U.S.C. section 1332(a). Plaintiff's residence and domicile are, and were, located within the State of California. Perez-Yanez Decl., ¶ 4, Exh. A, ¶ 4; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she

resides with the intention to remain to which she intends to return."

17. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

18. WALMART, INC. and WAL-MART ASSOCIATES, INC. are now, and were at all material times, corporations organized under the laws of the State of Delaware. WALMART, INC. and WAL-MART ASSOCIATES, INC. are thus citizens of the State of Delaware. Perez-Yanez Decl., ¶ 15 -16.

19. WALMART, INC. and WAL-MART ASSOCIATES, INC. are now, and were at all material times, headquartered in Bentonville, Arkansas. *Id*. WALMART, INC. and WAL-MART ASSOCIATES, INC.'s officers and directors are employees whose offices are located at WALMART, INC. and WAL-MART ASSOCIATES, INC.'s headquarters in Bentonville, Arkansas. *Id.* WALMART, INC. and WAL-MART ASSOCIATES, INC. perform the vast majority of their executive and administrative functions, including coordinating services and overall business operations, at their headquarters in Bentonville, Arkansas. *Id.* WALMART, INC. and WAL-MART ASSOCIATES, INC. are hence citizens of the State of Arkansas because their principal place of business is in Bentonville, Arkansas. 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. at 93 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities.").

20. Therefore, for the purpose of determining jurisdiction, WALMART, INC. and WAL-MART ASSOCIATES, INC. were not – and are not – citizens of the State of California. Rather, they were – and are – citizens of the States of Delaware and Arkansas.

21. Ms. Becerra is now, and at the time this action was commenced, a citizen of Texas

22. "Doe" defendants fictitiously named, but not served, are not joined in this Notice of Removal and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

23. Accordingly, complete diversity exists between Plaintiff, Walmart, and Ms. Becerra.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

24. The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sums or value of $75,000, exclusive of interest and costs and is between… citizens of different States."; *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

25. In her Complaint, Plaintiff alleges the following causes of action: (1) Discrimination Based on Disability; (2) Retaliation; (3) Failure to Accommodate; (4) Failure to Engage in the Interactive Process; (5) Failure to Prevent Discrimination; (6) Workplace Harassment – Hostile Work Environment. Perez-Yanez Decl., ¶ 3, Exh. A.

26. Defendants discuss the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. Walmart denies that Plaintiff is entitled to any damages and denies that Plaintiff will be able to recover on any of her legal theories.

27. In assessing the amount in controversy, this Court may, for removal

purposes, look to the removal papers and the pleadings, as well as summary judgment type evidence. *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 908 (9th Cir. 2005); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

28. A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405-04 (9th Cir. 1997).

      **i. The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to Which Plaintiff Would be Entitled if She Prevails**

29. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (internal quotations and citations omitted).

30. In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of her own claims against a single defendant") (internal quotations omitted).

31. Further, as instructed by the Ninth Circuit in *Chavez*, "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414–

15; *see e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met.").

32. Here, Plaintiff seeks: "compensatory, special, and general damages." Perez-Yanez Decl., ¶ 3, Exh. A, ¶ 41.

### ii. Lost Wages

33. Walmart has a reasonable good faith belief that Plaintiff is seeking damages in excess of the $75,000 jurisdictional requirement. Plaintiff seeks "all compensatory, general, and special damages." *Id.*, ¶ 3, Exh. A, ¶ 41.

34. At the time of her last day worked, Plaintiff's hourly rate was $24.60 and she was scheduled to work 40 hours a week. *Id.* ¶ 17. Plaintiff was thus scheduled to earn approximately $4,264 per month.[1] *Id.*

35. Under a conservative estimate, any judgment in this case will likely be rendered no earlier than March 2027, or 29.1 months from the date of filing.[2] Therefore, based on the time between when Plaintiff's employment with Walmart ended, August 17, 2022, and when her case may be heard, if Plaintiff is successful in her claims against Defendant, she could be entitled to approximately four and one-half years of back pay, plus another two and one-half years of front pay by the time of trial for a total of **$232,224** in economic damages (($24.60 x 40) (236 weeks)). *Id.*, ¶ 17. These damages alone exceed the requisite jurisdictional amount.

---

[1] ($24.60 x 40 hours per week x 52 weeks) / 12 months = $4,264.
[2] Pursuant to 28 U.S.C. § 604(a)(2), the Federal Court Management Statistics, September 2024, indicates that in the Central District of California, the median time from filing a civil action in federal court to trial is 29.1 months. (Perez-Yanez Decl., ¶ 14; Exh. E; *see also* Walmart's Request for Judicial Notice ("RJN") ¶ 1, Exh. 1.) Defendant requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

### iii. Emotional Distress Damages

36. Plaintiff also seeks damages associated with "mental pain and anguish, and emotional distress" *Id.* ¶ 3, Exh. A, Prayer for Relief ¶2.

37. Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint. Importantly, "a defendant does not need to show that cases are factually similar [but rather] **only that the cases are 'analogous,' which [courts have] interpret[ed] to mean involving the same cause of action**. *Saldana v. Home Depot USA, Inc.*, 2016 U.S. Dist. LEXIS 80064, at *9 (E.D. Cal. June 20, 2016); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) ("The fact that the cited cases involved distinguishable facts is not dispositive . . . [because] the jury verdicts in [the cited] cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").

38. Defendants vigorously deny Plaintiff's allegations. However, if Plaintiff were to prevail, an award for emotional damages alone could exceed the $75,000 jurisdictional minimum. *See e.g.*, RJN, Exh. 2, *Eun Joo Ko v. Square Grp., LLC dba The Square Supermarket*, Case No. BC487739 (Cal. Super. Ct. June 16, 2014) (**$125,000** in emotional distress damages for wrongful termination); RJN, Exh. 3, *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal. 2014) (jury verdict of **$250,000** for pain and suffering in discrimination case); RJN, Exh. 4, *Kolas v. Access Bus. Grp. LLC*, Case No. BC364232 (Cal. Super. Jan. 14, 2008) (**$200,000** in emotional distress damages for wrongful termination claim); RJN, Exh. 5, *Kimberly Landis v. Pinkertons, Inc.,* 122 Cal.App.4th 985, 988 (2004) (**$275,000** emotional distress damages awarded in wrongful termination case).

### iv. Punitive Damages

39. Plaintiff further alleges Defendants' conduct was "intentional, malicious, fraudulent, reckless, and oppressive, which entitles Plaintiff to punitive and exemplary damages." Perez-Yanez Decl., ¶ 3, Exh. A, ¶¶ 44, 86, Prayer for

Relief ¶ 6. Although Defendants vigorously deny Plaintiff's allegations, and certainly deny that an award of punitive damages would be appropriate, Plaintiff's request for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.,* 825 F.Supp.2d 1005, 1008 (E.D. Cal. 2011).

40.     To establish the amount in controversy, particularly with respect to punitive damages, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons*, 209 F.Supp.2d at 1033; *Kroske*, 432 F.3d at 980. Notably, the facts of "comparator cases" relied upon by a removing defendant do not require identical facts and need not quantify an exact value of damages. *See Mejia v. Parker Hannifin Corp.*, 2018 WL 582325, at *3 (C.D. Cal. 2018) ("Overall, district courts appear to require only "analogous" or even "similar" exampled, not identical cases."); *Castillo v. ABM Indus., Inc.*, 2017 WL 5609791, at *3 (C.D. Cal. 2017) (same); *Castle v. Lab. Corp. of Am.*, 2017 WL 2111591, at *4 (C.D. Cal. 2017) (same).

41.     Therefore, here, if Plaintiff can prove her claims at trial, it is reasonable to conclude that she will seek, and a jury could award, in excess of $75,000 solely for punitive damages. *See* RJN, Exh. 6, *Navarro v. 4Earth Farms, Inc. et al.*, 2019 Cal.App.Unpub. LEXIS 986, at *11 (2019) (award of **$100,000** in punitive damages in wrongful termination case); RJN, Exh. 7, *Tapia v. San Gabriel Transit, Inc.*, Case No. BC482433 (Cal. Super. Ct. Nov. 16, 2015) (awarding **$400,000** in punitive damages in wrongful termination case).

      **v.**    **Attorneys' Fees and Costs**

42.     Plaintiff also seeks attorneys' fees and costs. Perez-Yanez Decl., ¶ 3, Exh. A, Prayer for Relief ¶3 and 5.

43.     It is appropriate to consider post-removal attorneys' fees in calculating the amount in controversy. *See Chavez*, 88 F.3d at 417; *Lucas v. Michael Kors (USA), Inc.*, No. 2018 WL 2146403, at *11 (C.D. Cal. 2018); *Bernstein v. BMW of*

*N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018).

44. Defendants' counsel reasonably estimate that attorneys' fees alone will exceed the sum of $75,000 through trial, if Plaintiff were to prevail. Declaration of Jennifer N. Lutz ("Lutz Decl."), ¶ 3. Defendants' attorney, Jennifer N. Lutz, has represented employers in employment litigation for approximately twenty-eight years in California and is familiar with fees awarded to plaintiff's counsel in similar actions filed in California and federal court. *Id.* Based on Ms. Lutz's experience and Plaintiff's allegations, it would be reasonable to expect that attorneys' fees alone in this case will exceed the sum of $75,000 through trial. Id.; *see also e.g.*, RJN, Exh. 8, *Lave v. Charter Comms. LLC*, 2020 Cal.App.Unpub. LEXIS 8483, at *1, *8, *27, *32 (2020) (plaintiff awarded **$400,800** in attorneys' fees for wrongful termination); RJN, Exh. 9, *Perry v. eGumball, Inc.*, Case No. 30-2013-00692868-CU-WTCJC (Cal. Super. Ct. Jun. 18, 2015) (ordering payment of reasonable attorney fees, with the plaintiff's counsel claiming fees in excess of **$1 million**).

45. Accordingly, Plaintiff's demand for lost wage damages, emotional distress damages, punitive damages, and attorneys' fees combined show that the amount "at stake" easily exceeds the $75,000 jurisdictional threshold. *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

46. For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendants to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

**IV.   VENUE**

47. Venue lies in the United States District Court for the Central District of California, Eastern Division pursuant to 28 U.S.C. Sections 1441(a) and 1332(a) because the State Court Action was filed in this District and division, thereby embracing the place where this action is pending.

///

## V. NOTICE TO COURT AND PARTIES

48. Written notice of the filing of this Notice of Removal will be promptly served on Plaintiff. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California in and for the County of San Bernardino as soon as practicable.

## VI. CONCLUSION

49. For the reasons stated above, this Court has jurisdiction under 28 U.S.C. sections 1332 and 1441. Because the State Action is pending in the Superior Court of California in and for the County of San Bernardino, removal of this action to this District Court is proper under 28 U.S.C. sections 1332 and 1441 (a).

50. WHEREFORE, Defendants request that the above-entitled action be removed from the Superior Court of the State of California, County of San Bernardino, to this District Court.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: January 16, 2025       By:    *s/* Christine Y. Clark, Esq.
Jennifer N. Lutz, Esq.
Christine Y. Clark, Esq.
Michelle Perez-Yanez, Esq.
Kristin A. Kameen, Esq.
Kendall N. Gerald, Esq.
Attorneys for Defendants
**WALMART INC. (formerly known as "WALMART STORES, INC."), WALMART ASSOCIATES, INC., and IRMA BECERRA**
E-mail: jlutz@pettitkohn.com
cyclark@pettitkohn.com
mperezyanez@pettitkohn.com
kkameen@pettitkohn.com
kgerald@pettitkohn.com

2354-3746

NOTICE OF REMOVAL OF ACTION
CASE NO.:

**CERTIFICATE OF SERVICE**
*Lisa Palmer v. Walmart Inc., et al.*
Case No.:

I hereby certify that the following document(s):

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(a) AND (b)**

was served on this date to counsel of record:

[ ]   **BY MAIL:** By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[X]   **BY E-MAIL DELIVERY:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Rob A. Rodriguez, Esq.
Richard A. Apodaca, Esq.
Izaiah Chacon, Esq.
RODRIGUEZ APODACA LAW FIRM LLP
2850 Inland Empire Blvd., Bldg. B
Ontario, CA 91764
T: 909-944-3777
F: 909-944-5777
robr@ralawllp.com
richarda@ralawllp.com
jasmineo@ralawllp.com
michaelp@ralawllp.com
micheller@ralawllp.com
**Attorneys for Plaintiff
LISA PALMER**

Executed on January 17, 2025, at San Diego, California.

*Rik*
Rik Britton

13

NOTICE OF REMOVAL OF ACTION
CASE NO.: _____